**STATE of Missouri, Respondent,**

v.

**Reginald WESTFALL, Appellant.**

**No. ED 82818.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 31, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 21, 2004.

Application for Transfer Denied
Dec. 21, 2004.

S. Kristina Starke, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea K. Spillars, Dora A. Fichter, Asst. Attys. Gen., Jefferson City, MO, for respondent.

Before LAWRENCE E. MOONEY, P.J., LAWRENCE G. CRAHAN and MARY K. HOFF, JJ.

## ORDER

PER CURIAM.

The defendant, Reginald Westfall, appeals the judgment entered upon his convictions by a jury for first-degree assault, Section 565.060 RSMo.2000, and armed criminal action, Section 571.015 RSMo. 2000. The defendant alleges the trial court erred in (1) overruling his *Batson*[1] challenge to the State's exclusion of an African–American venireperson; (2) finding G.P. to be an unavailable witness and allowing the State to read the witness's testimony from the first trial; and (3) admitting evidence of the defendant's prior domestic abuse of his ex-wife. Lastly, the defendant alleges the trial court plainly erred in giving Instruction No. 5, the verdict director instructing the jury on first-degree assault because the instruction failed to define "attempt."

We have reviewed the parties' briefs and the record on appeal. We find no error, plain or otherwise. An opinion reciting the detailed facts and restating the principles of law would have no precedential value. The parties, however, have been furnished with a memorandum, for their information only, setting forth the reasons for this order.

We affirm the judgment pursuant to Rule 30.25(b).

---

**1.** *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).